## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE STATE OF MARYLAND,<br>CHARLES COUNTY SHERIFFS,<br>DETECTIVE ROBERT SMITH,<br>STEVEN G. CHAPPELLE, | *<br><br>*<br><br>* | |
| Plaintiffs | * | |
| v | *<br>* | Civil Action No. PJM-21-3160 |
| ERICK JAVIER SANTOS BEY, aka<br>*Erick Anthony Santos* | * | |
| Defendant | *<br>*** | |

### MEMORANDUM OPINION

On December 13, 2021, Erick Javier Santos Bey, submitted a paper pro se titled "Legal Notice of Removal" ("Notice of Removal") and a Motion for Leave to Proceed in Forma Pauperis. Santos-Bey seeks to remove, pursuant to 28 U.S.C. §§ 1441-1446, "the unconstitutional complaint" in criminal case # C-08-CR-21-287 from the Circuit Court of Maryland for Charles County to the District of Maryland. In that case, Santos Bey is charged by criminal indictment with theft ($25,000 to under $100,000), forgery, and issuing false documents *See* https://casesearch.courts.state.md.us/casesearch/inquiry. (visited January 5, 2021). His trial is set for April 6, 2022. *Id.* Switching roles from defendant to plaintiff, Santos Bey also is suing plaintiffs, the State of Maryland, Charles County Sheriffs, Detective Robert Smith, and Steven G. Chappelle for monetary damages without explanation as to how these parties were involved in the matters alleged or violated the law. Santos Bey has not complied with the requirements of Standing Order 2021-3, in filing this action, although he was provided a copy of the Standing Order.  ECF

3. The Motion for Leave to Proceed in Forma Pauperis (ECF 2) will be granted based on the information provided.

## BACKGROUND

Santos Bey states that on May 29, 2021, he was pulled over by a Pennsylvania State trooper, and when asked to produce his driver's license informed the state trooper that he was not required to have a driver's license because he was "traveling" not driving. ECF 1 at 4. Santos Bey produced his passport, and the officer used this information and a facial recognition system to determine there was an outstanding arrest warrant for name Erick Anthony Santos. Santos Bey was arrested and extradited to Maryland where he is presently incarcerated. Santos Bey describes himself as "a flesh and blood man, in propia person (no pro se), and not a statutory person, a Boriquan National from the territory" of the Commonwealth of Puerto Rico Republic, [1] and claims the State of Maryland is alleging that he is a "strawman in all capital letter names ERICK ANTHONY SANTOS." *Id.* at 1, 4.[2] He asserts this is "clearly an improper name and misnomer. The State of Maryland is attempting to cause me harm by this grammatical error, and is attempting to denationalize me, by calling me a Black male." *Id.*

## DISCUSSION

### A. Removal

Pursuant to 28 U.S.C. § 1455(a):

> A defendant or defendants desiring to remove any criminal prosecution from
> a State court shall file in the district court of the United States ... a notice of

---

[1] Santos Bey has provided a Virginia address on the Notice of Removal. Santos Bey has recently filed another case in this Court, providing his address as the Charles County Detention Center in La Plata, Maryland. *See e.g. Santos Bey v. Berry*, Civil Action No. GJH-21-3229. No assertion of state of citizenship is stated.

[2] Santos Bey appears to adhere to principles espoused by the "flesh and blood," American Moorish, and Sovereign Citizen movements, all of which have been uniformly rejected as legally frivolous by this and other courts across the country. "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).

removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

When a pending state criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal, and,] ... [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). "Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, see 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, see 28 U.S.C. § 1442a." *Maryland v. Wiggins*, Crim. No. RDB-16-449, 2016 WL 4993288, at *1 (D. Md. Sept. 19, 2016) (quoting Mem Op. and Order, Crim. No. PWG-13-0413 (D. Md. Aug. 14, 2013) (Grimm, J.)). Santos Bey has not intelligibly alleged grounds for removal to exist. *See generally* ECF Nos. 1.

Santos Bey cites to an extensive list of authorities in the Notice of Removal, which consists of legal citations and quotations without discernible application to the facts alleged. None of the authorities cited supports a proper claim for removal pursuant to 28 U.S.C. § 1455(a). Indeed, the Notice of Removal does not address the requirements for removal for a criminal action under 28 U.S.C. § 1455(a). *Wynn-Bey v. Talley*, No. RWT-12-3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012) (remanding state criminal action where the Defendant "ha[d] failed to comply with the pleading requirements or to show that he ha[d] been denied or cannot enforce a specified federal right in the state court respecting this prosecution."); *see also Maryland v. White*, No. JFM-09-3318, 2010 WL 325946, at 81 (D. Md. Jan. 20, 2010) ("Removal is not proper where there is no evidence that the criminal defendant will be unable to avail himself of the normal protections

afforded to all criminal defendants."). Accordingly, this matter will be remanded to the Circuit Court of Maryland for Charles County.

To the extent Santos Bey intended to file a civil rights action through filing of this Notice of Removal, these claims are dismissed. The Court will grant the Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. The in forma pauperis statute permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989). Here, Santos Bey's claim for damages is based on frivolous allegations without demonstration of specific involvement by Plaintiffs and will be dismissed.

## CONCLUSION

For the foregoing reasons, Santos Bey's Motion to Proceed in Forma Pauperis is granted,

his claims for monetary damages are dismissed as frivolous, and this case is remanded to the

Circuit Court of Maryland for Charles County.

1/6/22
_____
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE